UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STATE OF LOUISIANA                         CRIMINAL NO. 15-cr-00048

VERSUS                                     JUDGE HICKS

ANDRE D. LEE                               MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Andre D. Lee alleges that he is the defendant in a criminal prosecution pending in Caddo Parish state court as Case No. 324,556. Documents submitted by Lee show that he is charged with possession with intent to distribute marijuana. Police reports state that Lee and another man were in a Ford Explorer at the Stoner Vista Apartments when police officers saw them packaging and weighing suspected marijuana. The officers arrested Lee and seized suspected marijuana, plastic baggies, a digital scale, and $242 in cash.

Lee filed with this court a notice of removal that invokes 28 U.S.C. § 1455. The statute provides that the federal court is to examine the notice promptly and, if it clearly appears on the face of the notice and any exhibits that removal should not be permitted, the court shall make an order for summary remand. An initial issue is timeliness. Section 1455 requires that a notice of removal generally be filed not later than 30 days after the arraignment in state court.[1] Minutes obtained from the state court indicate that Lee appeared

---

[1] "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1).

with counsel, waived formal arraignment, and pled not guilty on July 15, 2014. He did not file his notice of removal until March 12, 2015, so it appears the removal is untimely.

The removal is also deficient because Lee has not set forth a legitimate basis for removal. Section 1455 is purely procedural. It requires that the notice of removal include all grounds for removal, and those substantive grounds must be found outside of Section 1455. Louisiana v. Hunter, 2014 WL 7139463, *5 (E.D. La. Dec. 15, 2014). There are statutes that provide for removal of certain actions against federal officers and members of the armed forces, but Lee does not invoke them, and there is no indication they are applicable. The only potentially applicable basis for removal in this case is 28 U.S.C. § 1443.[2]

The Supreme Court's interpretations of Section 1443 were discussed in Williams v. State of Mississippi, 608 F.2d 1021 (5th Cir. 1979). The Fifth Circuit read the high court's precedent to "make clear" that a removal under Section 1443(1) must satisfy a two-prong test. First, it must appear that the right allegedly denied arises under a federal law providing for specific civil rights stated in terms of racial equality. Second, it must appear that the

---

[2] "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

person seeking removal is denied or cannot enforce those specific federal rights in the courts of the state. That second element requires that the denial be manifest in a formal expression of state law. Williams, 608 F.2d at 1022. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Johnson v. Mississippi, 95 S.Ct. 1591 (1975). See also Franklin v. State of Louisiana, 247 F.3rd 241 (5th Cir. 2001).

Lee does not mention Section 1443 in his notice of removal, and he has not identified any right that arises under a federal law providing for specific civil rights stated in terms of racial equality. He also does not allege that any such right is being denied or cannot be enforced in the Louisiana court system because of a state statute or other formal expression of state law. The undersigned has conducted the prompt review required by 28 U.S.C. § 1455(b)(4) and finds no basis for a proper removal of a state court criminal prosecution.[3] It clearly appears on the face of the notice and exhibits that removal should not be permitted, so an order of summary remand is appropriate.

Accordingly,

**IT IS RECOMMENDED** that this matter be remanded to the First Judicial District Court, Caddo Parish, Louisiana, where the matter was pending as Case No. 324,556, due to lack of subject-matter jurisdiction in the federal court.

---

[3] Lee's notice of removal begins with the heading, "Notice of Removal (Diversity)," but the notice does not attempt to set forth grounds for removal based on diversity of citizenship. Certain civil actions may be removed under 28 U.S.C. § 1441(b) when the parties are citizens of different states, but the statute is inapplicable to this criminal action by a state against one of its own citizens.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of March, 2015.



Mark L. Hornsby
U.S. Magistrate Judge